City of Chicago v. McGuire, 185 Ill. App. 589.

## Abstract of the Decision.

MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits in suit on note improperly stricken.* In an action on a promissory note given for $250, defendant filed an affidavit of merits stating that plaintiff and defendant jointly guarantied the payment of a certain note for $400, with the understanding that plaintiff was to get a third party to join in the guaranty; that the plaintiff forged the name of the third party to the guaranty, and afterwards paid the note; that the defendant, ignorant of the forgery and supposing he had the right of contribution from the third guarantor, by way of adjustment of his liability to plaintiff for paying said note, guarantied the payment of another note given to the plaintiff by the same maker for the same amount; that the defendant paid plaintiff $150 and claimed to owe him only $50 more on the transaction, making in all one-half of the original sum paid by the plaintiff on their joint guaranty. *Held* that the court erred in striking the affidavit from the files, that enough appears in the affidavit to justify the conclusion that the note was given for a balance due on the note to plaintiff for $400 after defendant paid $150, and that there appeared to be no liability from the defendant to plaintiff except for what the latter could require by way of contribution for satisfying their joint guaranty.

---

## City of Chicago, Plaintiff in Error, v. Thomas D. McGuire, Defendant in Error.

### Gen. No. 19,228. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed March 31, 1914.

### Statement of the Case.

Action by City of Chicago against Thomas D. McGuire for violation of an ordinance of the City of Chicago. The ordinance provides: "That no person, firm or corporation owning, in charge of or in control

of any public lavatory or washroom shall maintain in or about such lavatory or washroom any towel for common use. The term 'common use' as used in this ordinance shall be construed to mean for use by more than one person.'' The defendant was charged with maintaining roller towels for the common use of guests in a lavatory or washroom of his lodging house. The court found that the lavatory maintained by defendant was not a public lavatory and entered judgment for defendant. To reverse the judgment, plaintiff brings error.

WILLIAM H. SEXTON and JAMES S. McINERNEY, for plaintiff in error; ALBERT J. W. APPELL, and L. R. HOOVER, of counsel.

BURKE, JACKSON & BURKE, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

HEALTH, § 2*—*when ordinance prohibiting common use of towels in public lavatories applicable to lavatories in lodging house.* A lavatory or washroom in a lodging house for men guests only, *held* to be a public lavatory within the meaning of an ordinance prohibiting persons owning or in charge of any public lavatory or washroom from maintaining towels therein for common use, it appearing that the lodging house was such that any one seeking lodging was invited and the lavatory or washroom and roller towels therein were for the common use of all guests on the same floor, and that the accommodations were open to the public with only such restrictions as are generally applicable to hotels and other similar public places.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.